IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| SOUTH SOONER HOLDINGS, LLC, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. CIV-21-179-PRW |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiffs' Motion to Remand (Dkt. 15). For the reasons that follow, the Motion (Dkt. 15) is **GRANTED**, and this case is **REMANDED** to the District Court of Seminole County.

### *Background*

This case arises out of a denial of coverage under a property insurance policy. Several years ago, Plaintiffs—three Oklahoma entities—hired Defendants Insurica, Inc. and Insurica Insurance Management Network of Tulsa (collectively "Insurica")—both of whom are undisputedly residents of Oklahoma for purposes of diversity jurisdiction—to acquire property insurance coverage for Plaintiffs' property in Mission, Texas. Insurica does not itself issue insurance policies. Instead, it is an independent insurance agent that customizes insurance policies for its customers by partnering with several third-party insurance carriers. After consultation, Insurica assisted Plaintiffs in procuring a property

1

insurance policy for the Mission, Texas property from Defendant Travelers Indemnity Company of America.

In August of 2020, Plaintiffs filed a claim with Travelers, alleging damage to the insured property. Plaintiffs claimed that the damage was caused by winds from a recent hurricane. Shortly thereafter, Traveler's partially denied Plaintiffs' claim.[1] Travelers maintained that most of the damage to Plaintiffs' property was caused by preexisting property damage, including age-related deterioration to the roof.

In response, Plaintiffs filed this action against Travelers and Insurica in the District Court of Seminole County. The Complaint asserts two claims against Travelers related to its denial of coverage.[2] The Complaint also asserts a negligent misrepresentation and constructive fraud claim against Insurica.[3] According to Plaintiffs, when Insurica helped Plaintiffs procure its policy with Travelers, Insurica represented to Plaintiffs that there were no preexisting issues with its property that would impact future coverage under the Travelers policy. And Plaintiffs claim to have relied on this representation when they selected the Travelers policy. But according to Plaintiffs, Insurica's representation turned

---

[1] While Travelers would ultimately identify $5,000 in covered damages, that amount fell below Plaintiffs' deductible.

[2] This case was initially filed in Oklahoma state court, where a plaintiff's initial pleading is referred to as a "Petition." For the sake of simplicity and clarity, the Court will refer to Plaintiffs' Petition as the "Complaint."

[3] Plaintiffs also put forward a negligent procurement of insurance theory against Insurica for its alleged failure to procure a replacement cost value policy. Because the Court finds that this case must be remanded on the basis of the negligent misrepresentation and constructive fraud theory, the Court does not reach the negligent procurement of insurance theory.

out to be false because Travelers would later deny coverage under the policy on the basis of prior damage to the property.

Shortly after this case was filed, Travelers removed the case to this Court. Travelers argues that this Court has jurisdiction under 28 U.S.C. § 1332, the federal diversity jurisdiction statute.[4] To establish jurisdiction under that provision, the removing party "must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[5] As a general matter, "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."[6] That general rule would ordinarily bar jurisdiction in this case because Plaintiffs and the Insurica Defendants share a state of residency: Oklahoma. Defendants, however, argue that this Court should ignore Insurica's residency because the Insurica Defendants were fraudulently joined. "[F]raudulent joinder is an exception to the complete diversity requirement when there is no cause of action stated against a resident defendant or when no cause of action exists."[7] In response, Plaintiffs filed a timely motion to remand, arguing that Insurica's residency bars jurisdiction over this case and that Defendants have failed to meet their burden to establish fraudulent joinder of Insurica.

---

[4] To be specific, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, the only basis for the Court having original jurisdiction is § 1332.

[5] *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). It is undisputed that the amount in controversy in this case exceeds $75,000.

[6] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

[7] *Long v. Halliday*, 768 F. App'x 811, 813 (10th Cir. 2019).

*Legal Standard*

As relevant here, to establish fraudulent joinder, Defendants "must show that there is no possibility of recovery by the plaintiffs against the instate defendants"[8]—here, Insurica. "In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal. But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[9] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[10] And though the Court may pierce the pleadings, all factual and legal issues must still be resolved in favor of the Plaintiffs.[11]

---

[8] *Hyman v. Travelers Home & Marine Ins. Co.*, 2014 WL 111942, at *1 (W.D. Okla. Jan. 10, 2014); *see Dutcher*, 733 F.3d at 988 ("[T]he removing party must demonstrate . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This burden on Defendants comports with the normal rule that the removing party bears the burden of establishing federal jurisdiction. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("[Removing] Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal.").

[9] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (cleaned up); *accord Hyman*, 2014 WL 111942, at *1.

[10] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[11] *Hyman*, 2014 WL 111942, at *1; *see Dutcher*, 733 F.3d at 988.

*Discussion*

Defendants have not met their "heavy burden" to show that there is no possibility of recovery against Insurica on Plaintiffs' misrepresentation and constructive fraud claim.[12] Under Oklahoma law, as relevant here, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his prejudice."[13] Thus, in order to state a claim, Plaintiffs must plead a duty that was breached by Insurica, that Insurica benefited from that breach, and that Plaintiffs were prejudiced by the breach.

While Defendants have identified several reasons why Plaintiffs ultimately may not prevail at trial on this claim, Defendants have not demonstrated "that there is no possibility of recovery" against Insurica.[14] First, Plaintiffs' Complaint both identifies a duty and sufficiently alleges that Insurica breached that duty. Though Insurica may not have had a duty to inspect Plaintiffs' property or make representations about Plaintiffs' property, once it did speak about the property, it had a duty to speak truthfully.[15] Construing the facts as

---

[12] *See Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). The Court takes no position on whether Plaintiffs' theory related to replacement cost value is sufficient to state a claim for negligent procurement of insurance. *But see Smith v. Allstate Vehicle & Prop. Ins. Co.*, 2014 WL 1382488 (W.D. Okla. Apr. 8, 2014). And to be clear, the Court takes no position on Insurica's Motion to Dismiss (Dkt. 12). That is because the standard for fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano v. Allstate Indem.*, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000). The decision of how to rule on Insurica's Motion to Dismiss is left for the state court on remand.

[13] Okla. Stat. tit. 15, § 59(1).

[14] *See Hyman*, 2014 WL 111942, at *1.

[15] *See Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353–54 (Okla. 1988) ("Although a party may keep absolute silence and violate no rule of equity, yet, if he

alleged in the light most favorable to Plaintiffs, the Complaint establishes that Insurica chose to speak about the lack of preexisting issues with Plaintiffs' property and that those statements were later determined not to be truthful.[16] Second, the Complaint sufficiently alleges that Defendants benefited from the breach and that Plaintiffs were prejudiced by the breach. Defendants benefitted from these allegedly false statements by getting Plaintiffs to agree to purchase the insurance policy. And Plaintiffs were prejudiced by the allegedly false statements by purchasing a policy that did not provide the coverage Plaintiffs expected.

Defendants have therefore failed to meet their heavy burden to establish fraudulent joinder. And since one of the theories of liability against Insurica "is possibly viable," remand "is required."[17]

---

volunteers to speak and to convey information which may influence the conduct of the other party, he is bound to disclose the whole truth."); *Berry v. Stevens*, 31 P.2d 950, 955 (Okla. 1934) ("Though one may be under no duty to speak, if he undertakes to do so, he must tell the truth[.]" (quoting *Sullivan v. Helbing*, 226 P. 803, 805 (Cal. Dist. Ct. App. 1924)).

[16] Travelers emphasizes that it would make little sense for Insurica to make the representations about Plaintiffs' property that are alleged in the Complaint. After all, according to Travelers, agents generally do not make decisions on whether a property meets underwriting requirements, and there is no reason to think Insurica ever inspected the property at issue. The problem with Travelers's argument is that although the Court may pierce Plaintiffs' pleadings, Defendants still bear the burden of demonstrating "with complete certainty" that these representations did not occur. *Smoot*, 378 F.2d at 882. And though it may have been highly unusual, imprudent, or even improper for Insurica to make representations about Plaintiffs' property, that fact does not establish with complete certainty that these representations did not occur.

[17] *Montano*, 2000 WL 525592, at *2. In the alternative, Travelers asks the Court to apply the doctrine of procedural (or fraudulent) misjoinder, sever the claims against Insurica, and remand the Insurica claims to state court, all the while allowing the claims against Travelers to proceed in this Court. The doctrine of procedural misjoinder has been the subject of

*Conclusion*

Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion to Remand (Dkt. 15) and **REMANDS** this case to the District Court of Seminole County.

**IT IS SO ORDERED** this 21st day of December 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

significant debate and has yet to be adopted by the Tenth Circuit. While various academics and federal judges have raised compelling arguments on both sides, the Court need not wade into this dispute and pick a side because the record before the Court does not show that adopting the doctrine would change the result in this case. *Cf. Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010); *Cline v. Blackmon Mooring of Oklahoma City, Inc.*, 2012 WL 255675, at *1–2 (W.D. Okla. Jan. 27, 2012). While the claims against Travelers and Insurica involve different legal theories, it appears that there is sufficient overlap between the facts at issue in all three claims.